## OTTEN *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 115, September Term, 1963.]

*Decided October 18, 1965.*

Before PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY, OPPENHEIMER and BARNES, JJ.

PER CURIAM.

This is the applicant's third application under the Post Conviction Procedure Act, but, when his former applications were denied, *Gideon v. Wainwright,* 372 U. S. 335 (1963) was not the law.

On September 15, 1958, the applicant, Otten, was convicted in the Criminal Court of Baltimore of the crime of unauthorized use of an automobile. He had waived a jury trial and was tried before Judge Manley. Otten was sentenced to not more than two years' imprisonment, to run from August 7, 1958. On December 1, 1958, Otten filed a petition for a writ of error *coram nobis* in which he contended he was denied his constitutional rights in his original trial. On January 3, 1959, Judge Manley filed an order denying the writ. In the order, Judge Manley commented that at the arraignment Otten stated he had a lawyer but did not know his name. He was advised to contact his attorney. However, at the trial on September 15, nothing further was said about an attorney and Otten made no request for the appointment of counsel. On January 20, 1960, after a hearing before Judge Foster, Otten was determined to be a defective delinquent. His sentence was suspended and he was committed to Patuxent Institution.

In his present petition for post conviction relief, Otten contends that his commitment to Patuxent is void because his original conviction which made the commitment possible was in vio-

lation of his constitutional right to counsel. On October 3, 1963, Judge Carter denied the petition on the grounds that Otten waived the appointment of counsel and "even if he did not, the question is now moot, * * *" Judge Carter found that the constitutional question was moot because of Otten's commitment to Patuxent under a civil proceeding. He relied principally on *Marshall v. Director*, 215 Md. 622, 137 A. 2d 661 (1958).

In *Gee v. State*, 239 Md. 604, 212 A. 2d 269 (1965), this Court recently pointed out that no question of the deprivation of any constitutional rights of the appellant in his original conviction was involved in *Marshall*. *Gee* held that Gee's present detention was in violation of law because his criminal conviction was in violation of his constitutional rights and because that conviction was an essential element of his commitment as a defective delinquent. We referred to the retroactivity of *Gideon* under *Manning v. State*, 237 Md. 349, 206 A. 2d 563 (1965).

In light of *Gee* the validity of Otten's conviction is not moot. In *Gee*, the State conceded that the petitioner was neither advised of his right to counsel nor provided with counsel. Here, Judge Carter found that Otten had waived his right to counsel. But in view of *Manning*, decided after Judge Carter's denial of Otten's petition, it will be necessary for the court below to determine whether Otten "completely and intelligently" waived his right to counsel. Accordingly, we grant the application and remand the case for a hearing on whether the applicant was indigent and, if so, whether he completely and intelligently waived his right to State-appointed counsel. If it is found he did not so waive his right to counsel, the judgment of conviction entered in the Criminal Court of Baltimore on September 15, 1958 must be vacated and an order entered instructing the Director of Patuxent Institution to release the applicant from further custody. In such event, a new trial is to be ordered.

*Application granted and case remanded for further proceedings in conformity with this opinion.*