## FAULCON v. DIRECTOR OF PATUXENT INSTITUTION

[App. No. 138, September Term, 1963.]

*Decided October 18, 1965.*

Before PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY, OPPENHEIMER and BARNES, JJ.

PER CURIAM.

The applicant, Harrison Faulcon, was indicted for the crime of larceny. On May 17, 1962, he was arraigned before the Criminal Court of Baltimore and pleaded guilty. On November 2, 1962, judgment was entered against Faulcon, and he was sentenced to a term of eighteen months in the Maryland House of Correction, beginning April 25, 1962. Subsequently, on June 21, 1963, Judge Byrnes, after a hearing held on March 11, 1963, found Faulcon to be a defective delinquent under Article 31B of the Annotated Code of Maryland. In the meantime, on April

29, 1963, Faulcon filed a petition under the Post Conviction Procedure Act. He contended that he was denied his right to counsel in the proceedings which led to his criminal conviction. Judge Cardin denied the petition on December 5, 1963. Relying on *Marshall v. Director*, 215 Md. 623, 137 A. 2d 661 (1958), he held that the validity of Faulcon's criminal conviction was moot since he had been found to be a defective delinquent in a civil proceeding.

As we pointed out in *Otten v. Director*, 240 Md. 703, the validity of Faulcon's criminal conviction is not moot. The question of whether Faulcon was advised of his right to counsel was not reached by the court below. Accordingly, as in *Otten*, we grant the application and remand the case for a hearing on whether the applicant was indigent and, if so, whether he was advised of his right to State-appointed counsel. If he was not so advised or if he did not completely and intelligently waive his right to counsel, the judgment of conviction for larceny entered by the Criminal Court of Baltimore on November 2, 1962 must be vacated and an order entered instructing the Director of Patuxent Institution to release the applicant from further custody. In such event, a new trial is to be ordered.

> *Application granted and case remanded for further proceedings in conformity with this opinion.*